**Charles James WHITE, Petitioner,**

v.

**Herman SOLEM, Warden of the South Dakota State Penitentiary, Sioux Falls, South Dakota, Respondent.**

Civ. 78–4121.

United States District Court,
South Dakota, S. D.

July 12, 1979.

David L. Ganje, Aberdeen, S. D., for petitioner.

John Guhin, Asst. Atty. Gen., Pierre, S. D., for respondent.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Petitioner, Charles James White, was convicted of burglary in the third degree (SDCL 22–32–9). A resume of the factual background will be helpful in setting forth the issues raised by the Petitioner in this ancient and honorable Writ of Habeas Corpus.

The facts of the case indicate that the Defendant and seven others were tracked from the location of Gunner's Pub in Roberts County by a night patrolman. He was assisted by a deputy sheriff and a state highway patrolman in effectuating the ar-

rest of the Defendant. Only Charles James White, a/k/a Jackie White, has brought a Writ of Habeas Corpus in connection with the arrest, trial and conviction in his case.

The alleged burglary happened in the nighttime, and there was snow on the ground on the 9th of February, 1977. The 1967 Pontiac, the car the defendants were apprehended in and near, went into a snowbank and got stuck. During the period of the arrest and the period the defendants were getting out of the car or removed from the car, keys fell out of the pocket of a defendant by the name of John German and were recovered near the defendant, German, and this defendant. Later those keys were returned to the owner of Gunner's Pub for his use in continuing to operate the business.

The keys were admitted into evidence at the trial, and this Defendant contends the admission of the keys is a violation of Federal Constitutional rights which he enjoys as a federal citizen, that of the due process clause of the 14th Amendment.

The other contention of the Defendant is that he was denied a fair and impartial jury because a motion for the change of venue was not granted by the Honorable state trial judge in this case.

The trial judge conducted hearings in regard to the question of pretrial publicity, and exhibits of the newspaper reports were made a part of the record. Witnesses were called to testify as to the extent of community prejudice against American Indians. The Defendant is a member of that race.

Since the voir dire is not recorded, the responses of the jurors is not of record, nor does it appear in the record that the Defendant exhausted his preemptory challenges.

Based upon the evidence, the State trial judge decided that the Defendant was not entitled to a change of venue. Charles White contends he was denied Federal Constitutional rights of the 14th and 6th Amendments, entitling him to an impartial jury that would be a fair jury.

■ We review Petitioner's contentions in seriatim. The keys were admitted into evidence, and the State proved that these keys were used in the business known as Gunner's Pub. The keys are not subject to alteration by tampering or contamination. *State v. Herman,* S.D., 253 N.W.2d 454 (1977). The pub owners were able to use and identify the keys as being the identical keys, although the chain of custody could have been more accurately kept. The evidence clearly indicated these were the identical keys because the pub owners testified that they were able to use the keys in their pub business.

The South Dakota Supreme Court did not agree with Petitioner that the admission of those keys constituted error, but could be regarded as adding little to the State's case, *State of South Dakota v. White,* 269 N.W.2d 781 (Sept. 6, 1978), and cites *Milburn v. State,* 50 Wis.2d 53, 183 N.W.2d 70 (1971).

This Court believes that *Maggitt v. Wyrick,* 533 F.2d 383 (8th Cir. 1977) is sufficient authority to state that there is not a denial of due process to Petitioner because the evidentiary error in this case is not so gross or conspicuously prejudicial that it has affected the trial by the admission of the keys, and thus caused the Petitioner a loss of the fundamental fairness which he is entitled to under the 14th Amendment of the United States Constitution. Although the case deals with the admission of evidence tending to show whether or not the Defendant was reasonable in his exercise of the right of self-defense, it does state the general rule that will be followed in this case. Thus, Petitioner's claim in this regard must fail and be denied.

■ This Court has read and reviewed the opinion of the State Supreme Court case, *South Dakota v. White,* supra, and has reviewed all the evidence in regard to the Petitioner's claimed denial of his 14th and 6th Amendment, because of the trial court's denial of the motion for change of venue in this case. That motion for change in venue was bottomed on two propositions: (1) Pretrial publicity; (2) Community prejudice because of the general feeling of prejudice against Native American Indians in Roberts County. The State Supreme Court said:

"We do not find it necessary to decide whether such 'general prejudice' can be grounds for ordering a change of venue since Defendant did not meet his burden of showing that he could not receive a fair trial in Roberts County."

*State of South Dakota v. White, Supra.*

The Court went on to decide that they could not say that the balance tipped so heavily in favor of the Defendant that it was an abuse of discretion to deny the change of venue. This Court has dealt with that issue, and after a review of the entire record to determine whether the record shows that the State Court gave fair consideration to the issues and reached a result which protected the Petitioner's federal constitutional rights.

See *U. S., ex rel. Means v. Solem,* 457 F.Supp. 1256 (1978). This case differs from the *Means* case in two particulars at least: (1) It was not a highly publicized event. The newspaper coverage was minimal, as shown by the record. (2) This case was tried after some two years since the community leaders in this case testified as to difficulties over jurisdiction that occurred during 1974. The inference to be drawn from that testimony was that passions had subsided, and that the Defendant in this case could receive a fair trial in Roberts County.

It is true in this case that the voir dire examination was not recorded based on the entire record. Also, this Court cannot tell conclusively from the record, but there is no contention that the Defendant had to exhaust his preemptory challenges and assuming that that was the case, that is the preemptory challenges of the Defendant were not exhausted, it must be accorded some weight.

See *Mastrian v. McManus,* 554 F.2d 813 (8th Cir. 1977), cert. denied 433 U.S. 913, 97 S.Ct. 2985, 53 L.Ed.2d 1099 (1977). This case was also cited by this Court in *Means,* supra. This case is also distinguishable in its facts from *Pamplin v. Mason,* 364 F.2d 1. In this case there was a transcript made of the testimony of witnesses called by the State and Petitioner. Further, there is no showing of any blatant pretrial and trial publicity abuses. See *Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). The record, in fact, indicates there was very little publicity surrounding the incident.

Thus, under this Court's duty to make "an independent evaluation of the circumstances surrounding the claim of prejudicial pretrial publicity and the testimony," this Court finds, although Petitioner does not claim that the totality of the circumstances show that due process rights were violated, that the Petitioner was fairly tried by fair and impartial jury at a trial conducted in a manner consistent with the United States Constitution. His conviction, accordingly, is valid.

The foregoing memorandum decision constitutes the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure.